## THE STATE *against* JAMES WEBSTER.

An indictment for selling liquor by small measure, which only alleges that the defendant did not obtain a license according to the act concerning inns and taverns, is insufficient and will be quashed.

This indictment had been quashed by the Court of Quarter Sessions of the county of Somerset, for insufficiency, and was thereupon removed by the prosecutor for the state, into this court by *certiorari*. The indictment was in the following words :

"Somerset County, *ss*. The grand inquest for the state of New Jersey, and for the body of the county of Somerset upon their oath present : That James Webster late of the township of Bridgewater, in the said county of Somerset, on the twenty-fifth day of December, in the year of our Lord one thousand eight hundred and twenty-seven, at the township of Bridgewater aforesaid in said county, and within the jurisdiction of this court, with force and arms, &c., did sell, and knowingly cause and permit to be sold for his own account and benefit, to one Abraham Van Duyn, one-half pint of ardent spirits, commonly called whiskey, the same being of less measure than one quart; he the said James Webster, not having first obtained a license for that purpose, from the Court of General Quarter Sessions of the Peace of said county of Somerset, in the manner directed by the act concerning Inns and Taverns, nor from the corporate authority of any city or borough, in which he resided, contrary to the form of the statute in such case made and provided, and against the peace of this state, the government and dignity of the same."

*Hartwell* for the state, contended that the indictment was sufficient, and cited 4 *Halst. Rep.* 374 ; 2 *Hawk P. C.* 357 ; 1 *Chit. Crim. Law* 157 ; 1 *Halst. Rep.* 173 ; *Arch. Cr. Law* 28, 29.

*Vroom* and *J. S. Green,* contra.

CH. JUSTICE. We are all of opinion that this indictment was rightly quashed by the Court of Quarter Sessions. The manner in which a license is obtained, is in part directed by the act of 1797, and in part by the act of 1820, and does not depend exclusively upon either. This indictment alleges, that the defendant did not obtain " a license in the manner directed by the act concerning inns and tavers." To say that he had not obtained a license according to the act concerning inns and taverns (which is the act of 1797), is not sufficient, for that act does not alone prescribe the mode of obtaining license. It is in part prescribed by the act of 1820. Therefore to negative the former act only, is not sufficient.

We express no opinion as to the manner in which the indictment comes before us, as no objection has been made to the bringing of it here by *certiorari,* on the part of the state, after having been quashed in the Court of Quarter Sessions.

The quashing of the indictment affirmed.